IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREG A. CARLSON, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3012 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on (1) filing no. 1, the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Greg A. Carlson ("§ 2254 petition"); (2) filing no. 12, the respondent's Motion to Dismiss the § 2254 petition; and (3) filing no. 17, the the petitioner's Resistance to the Motion to Dismiss. In his Resistance, the petitioner also incorporates filing nos. 5 and 6, his Responses to the court's Order to Show Cause. In filing no. 3, the court gave the petitioner an opportunity to show cause why his § 2254 petition should not be dismissed as untimely pursuant to the statute of limitations set forth in 28 U.S.C. § 2244(d). The petitioner concedes that he filed his § 2254 petition after expiration of the statute of limitations, but he contends that his diligent efforts to obtain collateral relief and the fact that two attorneys failed to inform him of the statute of limitations entitle him to an extension of the AEDPA's limitations period pursuant to the principles of equitable tolling.

Because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. Gassler v. Bruton, 255 F.3d 492 , 495 (8th Cir. 2001). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it

impossible to file a petition on time .... Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction ...." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S.Ct. 145 (2001). "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

An inmate's lack of notice concerning the AEDPA statute of limitations does not warrant equitable tolling of the statute of limitations. See, e.g., Baker v. Norris, 321 F.3d 769, 772 (8th Cir.), cert. denied, 123 S.Ct. 2283 (2003); Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). Those decisions rest on the principle, among others, that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing. See, e.g., Baker v. Norris, 321 F.3d at 772: "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul."

In addition, counsel's confusion about the AEDPA's statute of limitations does not justify equitable tolling. Kreutzer v. Bowersox, 231 F.3d at 463. See also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Accord Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000). "[F]orcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer." Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (citation omitted).

As the Supreme Court stated in Duncan v. Walker, 121 S.Ct. 2120, 2128-29 (2001): "The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments .... This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  See also Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting* Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003):  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."

In this case, the petitioner points to neither extraordinary circumstances beyond his control nor conduct by the State which excuse the untimeliness of the petitioner's § 2254 petition.

THEREFORE IT IS ORDERED:

1.   That the Petition for Writ of Habeas Corpus filed by the petitioner, Greg A. Carlson, is denied and dismissed; and

2.   That pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge